# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OPERATING ENGINEERS LOCAL 139**
**HEALTH BENEFIT FUND, et al.**

                       **Plaintiffs,**

v.                                                   **CASE NO. 05-C-1337**

**THOMAS KROLL, individually and**
**d/b/a KROLL'S EXCAVATING,**
**LISA KROLL, individually and**
**d/b/a KROLL'S EXCAVATING,**

                         **Defendants.**

## ORDER

On December 22, 2005, the plaintiffs filed a complaint alleging that the defendants failed to properly report and pay fringe benefits on behalf of its heavy equipment operators. On February 9, 2006, the defendants filed their answer. As for each of the substantive allegations, the defendants denied the plaintiffs allegations. This case was randomly assigned to this court, and the parties have all consented to the full jurisdiction of a magistrate judge.

On May 10, 2006, this court held an initial scheduling conference. Defendants were ordered to make their payroll records available to the plaintiffs and an audit was to be completed by July 10, 2006. However, the plaintiffs allege that the defendants did not turn over all such records by July 10, 2006 and thus the audit was not completed until August 8, 2006. The parties then jointly filed a motion to extend discovery until November 1, 2006. This joint motion was granted by the court on

August 18, 2006. Thus, the discovery deadline is November 1, 2006 and a status conference is scheduled for November 8, 2006.

On July 24, 2006, the plaintiffs served a set of interrogatories upon the defendants and asked for the information that formed the basis for the defendant's denials to the allegations in the complaint. On September 7, 2006, the plaintiffs received the defendants' response to the interrogatories. These interrogatories indicated that there was an entity named "T. Krolls, Inc." that was doing business as Krolls Excavating and was a party to the collective bargaining agreement. Defendants further respond that the entity known as T. Krolls, Inc. was obligated to make contributions pursuant to the master agreement as modified. T. Krolls, Inc. is not named as a defendant in this action.

On September 22, 2006, the plaintiffs moved to filed an amended complaint and add T. Krolls, Inc. as a party. The defendants have not responded to the plaintiffs' motion.

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other similar reasons, the motion to amend should be freely given. Foman, 371 U.S. at 182.

There is no indication that the plaintiffs' motion to amend their complaint and add a party is the product of bad faith or a dilatory motive. There have been no earlier motions to amend the complaint and there is no indication that permitting this amendment will prejudice the defendants. Finally, if T. Krolls, Inc. is a party to the various agreements and allegedly liable for the contributions, then the court believes that permitting the amendment will further the interests of justice. However, this court is not certain that "T. Krolls, Inc." is even a viable entity. In the

2

proposed amended complaint, plaintiffs allege that T. Krolls, Inc. is a Minnesota corporation, but is not authorized to do business in Wisconsin. Nor is T. Krolls d/b/a Kroll's Excavating authorized to conduct business in Minnesota or Wisconsin. The court has many questions regarding T. Krolls, Inc.'s alleged involvement in this lawsuit. Foremost, is that corporation a signatory to any of the material agreements upon which plaintiffs base their claims? If not, why should it be added as a party, or how can defendants place liability on the corporation?

Plaintiffs also request that the court schedule another status conference. A status conference is already scheduled for November 8, 2006. At this point, the court shall hold the November 8, 2006, status conference as scheduled and discuss the pending motion in detail. In particular, the court will want to see documentary or other evidence to support either party's contention that the corporation was obligated for the contributions at issue.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2006.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge